**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CUMBERLAND PHARMACEUTICALS INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 1:12-cv-03846 |
| v. | ) ) | Judge Rebecca Pallmeyer |
| MYLAN INSTITUTIONAL LLC, and MYLAN INC., | ) ) ) | Magistrate Judge Maria Valdez |
| Defendants. | ) ) ) | |

**DEFENDANTS MYLAN INSTITUTIONAL LLC AND MYLAN INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE CUMBERLAND PHARMACEUTICALS INC.'S FINAL INFRINGEMENT CONTENTIONS**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND ................................................................................................................. 1

III. CUMBERLAND'S NEW ALLEGATIONS SHOULD BE STRICKEN ............................... 3

    A. Legal Standard ........................................................................................................ 3

    B. Cumberland's New Arguments Are Untimely And Prejudicial .................................. 4

    C. Mylan Is Prejudiced By Cumberland's Delay ............................................................ 5

IV. IN THE ALTERNATIVE, MYLAN SEEKS LEAVE TO WITHDRAW ITS MOTION FOR SUMMARY JUDGMENT AND MOVES FOR COSTS AND FEES RELATED TO THAT MOTION .................................................................................. 5

V. CONCLUSION ................................................................................................................... 6

# TABLE OF AUTHORITIES

## CASES

*Connectel, LLC v. Cisco Sys., Inc.*,
    391 F.Supp.2d 526 (E.D. Tex. 2005) ............................................................................. 3

*O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006) .................................................................................. 3, 4

*The Nat'l Spiritual Assembly of the Baha'is of the U. S. of Am. Under the Hereditary
    Guardianship, Inc., v. Nat'l Spritual Assembly of the Baha'is of the U. S. of
    Am., Inc.*,
    547 F.Supp.2d 879 (N.D. Ill. 2008) ............................................................................... 4

## RULES

Fed. R. Civ. P. 16(f) ................................................................................................................. 3

L.P.R. Preamble ...................................................................................................................... 3

L.P.R. 2.2-2.5 Comments ........................................................................................................ 3

Defendants Mylan Institutional LLC and Mylan Inc. ("Mylan"), respectfully submit this memorandum in support of their motion to strike Plaintiff Cumberland Pharmaceuticals Inc.'s ("Cumberland") Local Patent Rule 3.1 Final Infringement Contentions ("Final Infringement Contentions") with regard to U.S. Patent No. 8,148,356 ("the '356 patent").

## I. INTRODUCTION

Cumberland filed this lawsuit more than a year ago alleging that Mylan is liable for infringement of the '356 patent. Despite filing a patent lawsuit in this district, Cumberland consistently failed to comply with the local rule that requires early disclosure of infringement allegations. Cumberland's obviously deficient contentions are the subject of Mylan's pending motion for summary judgment of non-infringement, which was filed on October, 2012.

After months of refusing to comply with the local rules, on May 8, 2013, nearly a year after it filed this case and at the last possible moment when its final infringement contentions were due, Cumberland, for the first time, provided its infringement contentions regarding all of the asserted claim limitations. This conduct is a violation of the local rules and the Court's scheduling order. Accordingly, Mylan now moves to strike Cumberland's belated contentions or, in the alternative, for leave to withdraw its Motion for Summary Judgment and for its costs associated with that motion.

## II. BACKGROUND

On May 17, 2012, Cumberland filed the present suit alleging that Mylan's ANDA 203624 generic acetylcysteine intravenous injection product ("ANDA product") infringes the '356 patent. Cumberland did so after declining to accept Mylan's offer of confidential access which would have permitted Cumberland to examine the confidential details of the accused product prior to alleging

-1-

that it infringed a patent. ¶¶ 20-21.[1] On July 16, 2012, Cumberland provided its initial infringement contentions pursuant to the Local Patent Rules, stating only (1) the name of the ANDA product somehow demonstrated infringement; (2) a "lack of denial" of infringement in Mylan's paragraph IV Notice Letter somehow functioned as an admission; and (3) bare citation to a statute, regulation and a handful of pages from Mylan's ANDA. ¶ 28; D.I. 53 ("Motion For Summary Judgment") at 7-14. On July 30, 2012, Mylan served its Initial Non-Infringement Contentions which explained that Cumberland failed to meet its burden of proving infringement; Cumberland did not respond or remedy its failure. ¶¶ 43-51.

On Sept. 4, 2012, Mylan filed a Motion to Dismiss Cumberland's complaint and, pursuant to the Court's order, re-filed its motion as a Motion for Summary Judgment on Sept. 10, 2012. ¶¶52-54. On October 31, 2012, Cumberland opposed Mylan's Motion for Summary Judgment, making new arguments and ignoring the content of its own Initial Infringement Contentions. D.I. 72 ("Opp."). On November 15, 2012, Mylan replied, noting that even considering the information provided for the first time in Cumberland's Opp., Cumberland still did not state why it contends that Mylan's ANDA product meets every limitation of the asserted claims. D.I. 82 ("Rep."). In the 6 months that followed, Cumberland did not amend its contentions.

On May 8, 2013, almost a full year after this case was filed, Cumberland served its Final Infringement Contentions containing multiple new arguments and citations.[2] Ex. 1[3]. In doing so,

---

[1] Citations to "¶ __" refers to paragraphs in Mylan's Rule 56.1 Statement of Facts filed with Mylan's Motion for Summary Judgment (D.I. 54)

[2] Despite these new arguments, Cumberland's still has not demonstrated infringement; however claim construction is now required to resolve the remaining issues.

[3] Citations to "Ex." refers to exhibits attached to the Declaration of Wendy Devine, filed herewith.

Cumberland violated the letter and spirit of the local rules and forced Mylan to wait a year to discover why Cumberland brought this suit, thereby causing unnecessary delay and Mylan resources.

## III. CUMBERLAND'S NEW ALLEGATIONS SHOULD BE STRICKEN

### A. Legal Standard

The Local Patent Rules "require the parties to provide the particulars behind allegations of infringement…*at an early date*. Because Federal Rule of Civil Procedure 11 requires a party to have factual and legal support for allegations in its pleadings, early disclosure of the basis for each side's allegations will impose no unfair hardship…at an early stage of the case." *See* LPR, Preamble (emphasis added). Generally, patent rules are "designed specifically to require the parties to crystallize their theories of the case early in the litigation so as to prevent the 'shifting sands' approach to claim construction." *O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006). Indeed, "[t]o accomplish this purpose, the parties disclosures must be meaningful – as opposed to boilerplate – and non-evasive." *See* LPR 2.2-2.5 Comments; *see also Connectel, LLC v. Cisco Sys., Inc.*, 391 F.Supp.2d 526, 527-28 (E.D. Tex. 2005) ("'The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun.'…. Plaintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail their theories of infringement."). Therefore, when initial infringement contentions are not specific, it prejudices the alleged infringer in preparation for the case. *See id*. at 528 ("Because of these deficiencies, [the alleged infringer] is unable to crystallize its non-infringement and invalidity theories, and the parties are hindered in identifying what claim terms need construction.").

The Court has the inherent ability to "issue any just orders…if a party…(c) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f); *see also, e.g., O2 Micro*, 467 F.3d at 1363 ("The court may impose any 'just' sanction for the failure to obey a scheduling order, including 'refusing to allow the disobedient party to support…designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.'"); *The Nat'l Spiritual Assembly of the Baha'is of the U. S. of Am. Under the Hereditary Guardianship, Inc., v. Nat'l Spritual Assembly of the Baha'is of the U. S. of Am., Inc.*, 547 F.Supp.2d 879, 884 (N.D. Ill. 2008) (it is an "axiom that 'courts have inherent power to enforce compliance with their lawful orders through civil contempt'") (internal citation omitted).

### B. Cumberland's New Arguments Are Untimely And Prejudicial

The Local Patent Rules require disclosure of infringement contentions early in the case, yet Cumberland did not provide contentions regarding all elements of the asserted claims until nearly a year after filing its complaint. Further, Cumberland's Final Infringement Contentions allege – for the first time – a new theory of infringement: contributory infringement. Ex. 1 at 6 ("Mylan and Mylan's Accused Instrumentality…contributorily infringes the patents-in-suit.") Nowhere in Cumberland's Initial Infringement Contentions is there even a reference to contributory infringement.[4] Likewise, Cumberland's Final Infringement Contentions also add multiple additional arguments, citations and documents that were not addressed in its Initial Infringement Contentions. As an example, Cumberland presents several new arguments and rationales regarding the claim limitation "free from a chelating agent." *Id*. at Exhs. 1 & 2. As another example, Cumberland, for the first time, fully addresses the claim limitation requiring "a headspace volume occupied by a pharmaceutically inert gas." *Id*. Notably, the majority of the Mylan documents that Cumberland

---

[4] Indeed, nowhere in Cumberland's Final Infringement Contentions is there any explanation for how or why Mylan would contributorily infringe the '356 patent.

-4-

cites in support of these new arguments were already in Cumberland's possession when it provided its Initial Infringement Contentions. *Id.*; ¶ 26.

There is no reason why the basis for Cumberland's infringement allegation was not included in its Initial Infringement Contentions or any supplement thereto. To hide the basis of Cumberland's infringement allegations until a year into the case violates the letter and spirit of the Local Patent Rules.

### C. Mylan Is Prejudiced By Cumberland's Delay

The importance of the infringement contentions cannot be understated and Mylan is aware of the seriousness of the remedy requested by this motion and the pending Motion for Summary Judgment. Mylan, however, has already been prejudiced by Cumberland's delay tactics. Specifically, Mylan requires this basic information to properly prepare its defenses and has been hindered in its ability to formulate noninfringement theories and identify terms for construction. Mylan therefore, requests that the Court strike Cumberland's Final Infringement Contentions regarding the '356 patent and grant Mylan's pending Motion for Summary Judgment for the '356 patent.

### IV. IN THE ALTERNATIVE, MYLAN SEEKS LEAVE TO WITHDRAW ITS MOTION FOR SUMMARY JUDGMENT AND MOVES FOR COSTS AND FEES RELATED TO THAT MOTION

In the event that the Court decides not to strike Cumberland's Final Infringement Contentions, Mylan requests leave to withdraw its Motion for Summary Judgment and recover the costs and fees incurred by Mylan in connection with the motion. It is through no fault of Mylan's that Cumberland chose to wait over a year into the case to provide disclosure of its basis for bringing suit. During this time, Mylan spent resources boxing shadows including filing the original Motion to Dismiss, the subsequent Motion for Summary Judgment and engaging in related communications

with Cumberland – all in an effort to obtain an understanding of why Cumberland brought this case in the first place. ¶¶ 52-57. This situation is exactly what the Local Patent Rules were designed to avoid. At the Court's request, Mylan will file supplemental papers that detail the precise fees and costs for which it seeks reimbursement due to Cumberland's abuse of the local rules.

## V.  CONCLUSION

For the reasons set forth above, Mylan respectfully requests that the Court strike Cumberland's Final Infringement Contentions for the '356 patent and grant Mylan's Motion for Summary Judgment. In the alternative, Mylan respectfully requests that the Court grant it leave to withdraw its Motion for Summary Judgment and award Mylan its fees and costs associated with the motion.

| | |
|---|---|
| Dated: May 24, 2013 | Respectfully submitted, |
| | |
| | By: /s/ Steven P. Mandell |
| Of Counsel: | |
| | |
| T.O. Kong (tkong@wsgr.com) | Steven P. Mandell (ARDC #6183729) |
| WILSON SONSINI GOODRICH & ROSATI | Steven L. Baron (ARDC #6200868) |
| PROFESSIONAL CORPORATION | Elizabeth Morris (ARDC #6297239) |
| One Market Street | MANDELL MENKES LLC |
| Spear Tower, Suite 3300 | 1 N. Franklin, Suite 3600 |
| San Francisco, California 94105 | Chicago, IL 60606 |
| (415) 947-2000 | Telephone: 312-251-1000 |
| | Facsimile: 312-251-1010 |
| Nicole Stafford (nstafford@wsgr.com) | |
| Robert A. Delafield II (bdelafield@wsgr.com) | *Attorneys for Defendants Mylan Institutional LLC.* |
| WILSON SONSINI GOODRICH & ROSATI | *and Mylan Inc.* |
| PROFESSIONAL CORPORATION | |
| 900 South Capital of Texas Highway | |
| Las Cimas IV, Fifth Floor | |
| Austin, Texas 78746-5546 | |
| Telephone: 512-338-5400 | |
| Facsimile: 512-338-5499 | |
| | |
| Elham Steiner (esteiner@wsgr.com) | |
| Wendy Devine (wdevine@wsgr.com) | |
| WILSON SONSINI GOODRICH & ROSATI | |
| PROFESSIONAL CORPORATION | |
| 12235 El Camino Real, Suite 200 | |
| San Diego, California 92130 | |
| Telephone: 858-235-2300 | |
| Facsimile: 858-350-2399 | |
| | |
| Nancy Zhang (nzhang@wsgr.com) | |
| WILSON SONSINI GOODRICH & ROSATI | |
| PROFESSIONAL CORPORATION | |
| 650 Page Mill Road | |
| Palo Alto, California 94304-1050 | |
| Telephone: 650-849-3073 | |
| Facsimile: 650-493-6811 | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 24, 2013 to all counsel of record deemed to have consented to electronic service via the Court's CM/ECF system.

Any other counsel of record will be served by electronic mail and regular mail.

/s/ Steven P. Mandell