UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CUMBERLAND PHARMACEUTICALS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:12-cv-03846 |
| v. | ) |
| | ) Judge Rebecca Pallmeyer |
| MYLAN INSTITUTIONAL LLC, AND | ) |
| MYLAN INC., | ) Magistrate Judge Maria Valdez |
| | ) |
| Defendants. | ) |

**CUMBERLAND PHARMACEUTICALS INC.'S OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE CUMBERLAND PHARMACEUTICALS INC.'S FINAL
<u>INFRINGEMENT CONTENTIONS</u>**

Plaintiff Cumberland Pharmaceuticals Inc. ("Cumberland") opposes Defendants Mylan Institutional LLC and Mylan Inc.'s ("Mylan") Motion to Strike Cumberland's Final Infringement Contentions ("Motion to Strike") but consents to Mylan's request to withdraw its Summary Judgment motion.

Mylan's Motion to Strike should not have been filed. Last week, Cumberland asked Mylan to withdraw its Summary Judgment motion (Ex. 1) in light of Cumberland's service of its Final Infringement Contentions that included, at Mylan's request (Ex. 2), contentions on Cumberland's United States Patent No. 8,399,445, recently added by consent in this case. Instead of withdrawing its Summary Judgment motion or responding to Cumberland, Mylan filed the instant Motion to Strike, with its alternative motion to withdraw its Summary Judgment motion. However, Mylan's motion fundamentally misapprehends the Federal Rules of Civil Procedure, this Court's Scheduling Order, and the Local Patent Rules. Accordingly, the Motion to Strike should be denied.

Mylan acknowledges the sufficiency of Cumberland's final contentions. (Motion to Strike at 4.) Mylan also acknowledges that its Summary Judgment motion is improper; indeed, Mylan asks the Court to withdraw its pending Summary Judgment motion of non-infringement should the Court deny its Motion to Strike.[1] While admitting that the substance of Cumberland's final contentions are proper, Mylan bases its Motion to Strike on the timing of Cumberland's final contentions. Mylan alleges that Cumberland's "conduct is a violation of . . . the Court's scheduling order" (Motion to Strike at 1), yet fails to specify any part of the Court's scheduling order that Cumberland violated. Cumberland served its Final Infringement Contentions on the date they were due, May 8, 2013. (D.I. 125.) Serving contentions when they were due, rather than some earlier date, is not a violation. Mylan did not, and cannot, cite any support for such a proposition.

Cumberland's Final Infringement Contentions, which accuse the same infringing product (Mylan's ANDA No. 203624) identified in Cumberland's complaint and Initial Infringement Contentions, also faithfully comply with the requirements of the Local Patent Rules ("Rules"). Mylan's reliance on the preamble of the Rules, generally requiring provision of "the particulars behind allegations of infringement, non-infringement, and invalidity at an early date," ignores the full text of the Rules, which implement a two-step process and due dates for disclosure of contentions: Initial Infringement Contentions (LPR 2.2) followed by Final Infringement

---

[1] Mylan's request (Motion to Strike at 5-6) that the Court withdraw its Summary Judgment motion highlights the impropriety of that motion to address what was, at most, a discovery dispute. Instead of basing its Summary Judgment motion on its proposed product and the asserted claim limitations, Mylan improperly argued that Cumberland's allegedly deficient contentions were a basis for summary judgment of non-infringement. However, as Mylan now concedes (Motion at n. 2), under controlling Federal Circuit authority cited in Cumberland's Opposition to Mylan's Summary Judgment motion, claim construction is a predicate to a ruling on infringement, and therefore, Mylan never was and is not entitled to summary judgment of non-infringement.

Case: 1:12-cv-03846 Document #: 135 Filed: 05/29/13 Page 3 of 7 PageID #:2486

Contentions (LPR 3.1). Notably, the section of the Preamble in the Local Patent Rules Mylan does not cite, states:

> The initial disclosures required by the Rules are not intended to confine a party to the contentions it makes at the outset of the case. It is not unusual for a party in a patent case to learn additional grounds for claims of infringement, non-infringement, and invalidity as the case progresses.

LPR at 1.

Mylan's argument that Cumberland's Final Infringement Contentions should be stricken because they are too detailed, i.e., "contain[] multiple new arguments and citations" (Motion at 2, 4-5), contradicts controlling authority in this district which holds that:

> The Local Patent Rules of the Northern District of Illinois further exemplify the non-binding nature of the contentions of parties by providing for the disclosure both of "initial infringement contentions," L.P.R. 2.2, and "final infringement contentions," L.P.R. 3.2 . . . . [and] provi[de] for evolving contentions over the span of the suit.

*Intellect Wireless, Inc. v. T-Mobile USA, Inc.*, 735 F. Supp. 2d 928, 937 n.7 (N.D. Ill. 2010).

The cases Mylan cites are from other districts with different local court rules and factual circumstances. *O2 Micro International, Ltd. v. Monolithic Power Systems, Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006), and *Connectel LLC v. Cisco Systems, Inc.*, 391 F. Supp. 2d 526 (E.D. Tex. 2005), Motion at 3, involved distinctly different local patent rules.

Mylan's complaints of prejudice or surprise, e.g., as to Cumberland asserting contributory infringement, Motion at 4, due to the timing of Cumberland's service of its contentions rings hollow. Mylan expressly agreed to the case management schedule and to Cumberland adding contentions on the '445 patent which necessarily include contributory infringement because the asserted claims are method claims.

The frivolous nature of Mylan's motion is underscored by Mylan's own actions. Mylan filed its Final Invalidity and Unenforceability Contentions on the very same due date as

Cumberland, the date specified in the Court's Scheduling order, not earlier. Moreover, Mylan's Final Invalidity and Unenforceability Contentions contain new arguments and cited documents not disclosed in its Initial Invalidity and Unenforceability Contentions. For example, Mylan's final invalidity contentions cite 24 references as potential invalidity bases, eight of which did not appear in its initial contentions, (Mylan's Final Invalidity Contentions at 3-5), and an entirely new invalidity argument that the asserted '356 patent claims are invalid under 35 U.S.C. § 112, ¶ 4 (*id*. at 23-24).[2]

Mylan's Motion to Strike, in essence, objects to rules mandated by controlling legal authority, this Court's Scheduling Order, and the Local Patent Rules and that Mylan itself embraced. Accordingly, Mylan's motion to strike should be denied, and its motion for costs and fees denied. Indeed, if any party should be awarded fees and costs, Cumberland respectfully submits that it is Cumberland who should be awarded its fees and costs for addressing Mylan's repeated frivolous motions relating to the infringement contentions, the instant motion, Mylan's September 4, 2012, Motion to Dismiss, and Mylan's October 1, 2012, Summary Judgment motion.

For the reasons set forth above, Cumberland respectfully requests that the Court deny Mylan's Motion to Strike Cumberland's Final Infringement Contentions, grant Mylan leave to withdraw its Motion for Summary Judgment, and deny its request for fees and costs.

---

[2] Because of the size of Mylan's initial and final contentions, Cumberland has not attached them to this Opposition but will make them available to the Court upon request or for an *in camera* review.

Dated: May 29, 2013   Respectfully submitted,

      /s/Claudia M. Rustad
By:   Laura P. Masurovsky *pro hac vice*
      Mark J. Feldstein *pro hac vice*
      Danielle A. Duszczyszyn *pro hac vice*
      FINNEGAN, HENDERSON,
         FARABOW, GARRETT & DUNNER LLP
      901 New York Avenue, NW
      Washington, DC 20001-4413
      Tel: (202) 408-4000
      Fax: (202) 408-4400
      laura.masurovksy@finnegan.com
      mark.feldstein@finnegan.com
      danielle.duszczyszyn@finnegan.com

      Lynn H. Murray
      Claudia M. Rustad
      Anna S. Knight
      GRIPPO & ELDEN
      111 South Wacker Drive
      Chicago, IL 60606
      Tel: (312) 704-7766
      Fax: (312) 558-1195
      lmurray@grippoelden.com
      cmrustad@grippoelden.com

***Attorneys for Cumberland Pharmaceuticals Inc.***

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on May 29, 2013, a true and correct copy of **CUMBERLAND PHARMACEUTICALS INC.'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CUMBERLAND PHARMACEUTICALS INC.'S FINAL INFRINGEMENT CONTENTIONS** was filed with the Clerk of the Court using the Electronic Case Filing (ECF) system, which will send notification of such filing via electronic mail to the following counsel of record:

Nicole W. Stafford
Robert A. Delafield II
WILSON SONSINI GOODRICH & ROSATI, PC
900 South Capital of Texas Highway, Las Cimas IV, Fifth Floor
Austin, Texas 78746-5546
Tel: (512) 338-5400
Fax: (512) 338-5499

Stuart A. Williams
WILSON SONSINI GOODRICH & ROSATI, PC
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Tel: (212) 497-7705
Fax: (212) 999-5899

Nancy L. Zhang
WILSON SONSINI GOODRICH & ROSATI, PC
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel: (650) 849-3073
Fax: (650) 493-6811

Wendy L. Devine
Elham F. Steiner
WILSON SONSINI GOODRICH & ROSATI, PC
12235 El Camino Real, Suite 200
San Diego, CA 92130
Tel: (858) 350-2321
Fax: (858) 350-2399

Tung-On Kong
WILSON SONSINI GOODRICH & ROSATI, PC
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Tel: (415) 947-2000
Fax: (866) 974-7329

Steven P. Mandell
Steven L. Baron
Elizabeth Morris
MANDELL MENKES LLC
1 North Franklin, Suite 3600
Chicago, IL 60606
Tel: (312) 251-1000
Fax: (312) 251-1010
***Attorneys for Mylan Institutional LLC and Mylan Inc.***

                                             /s/ Claudia M. Rustad